# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INTEGRIS HEALTH, INC., a not for profit Oklahoma corporation, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) NO. CIV-12-0346-HE ) |
| CHARTIS CLAIMS, INC., a foreign corporation, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiffs Integris Health, Inc. and Integris Baptist Medical Center (collectively "Integris") filed this breach of contract action in state court against Chartis Claims, Inc. ("Chartis"), Coventry Health and Life Insurance Co. ("Coventry") and Insurance Company of the State of Pennsylvania, Inc. ("ICP"). The action was removed on the basis of diversity jurisdiction and defendant Chartis has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Background

Plaintiffs allege in their petition that they entered into a "Participating Hospital Agreement" ("Agreement") with Conventry, pursuant to which they were a participating provider of health care services to subscribers of a "Health Plan" product Coventry issued on behalf of itself, its affiliated companies and other entities described as "payors." They allege that Chartis was the third party administrator for Coventry and other payors and was authorized to approve or deny health claims. ICP, a payor, was an insurer liable for funding

or underwriting benefit payments for health care services covered by the Health Plan.

Plaintiffs allege that, under the terms of the Agreement, they would provide hospital services to Coventry's subscribers and then submit their payment claims to Coventry and Chartis. Michael Morris, an employee of E-Frac C02 Separation Systems, was insured under a workers' compensation policy issued by ICP. He was injured and treated by plaintiffs at their hospital facilities in Oklahoma City. Plaintiffs assert that, while defendants agreed to promptly compensate them for covered services pursuant to the Agreement's compensation schedule, they paid only a portion of plaintiffs' invoice and have refused to pay the balance owed. They assert they appealed the payment decision, but defendants denied the appeal.

## Analysis

Chartis asserts that plaintiffs have failed to allege a breach of contract claim against it as it is not an insurer, did not issue any of the insurance policies at issue and is neither a party to the Agreement nor even referenced in it. Chartis also contends that plaintiffs "incorrectly aver that Chartis Claims was an agent of Coventry, or that Chartis Claims was the third-party administrator of Coventry." Chartis' motion, p. 3. It argues that, even if it was Coventry's agent or third-party administrator, it still could not be held liable under Oklahoma law for breach of the Agreement.

Plaintiffs did not respond to the motion. However, "[u[nder Tenth Circuit precedent ... 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'" Fournerat v. Wisconsin Law Review, 420 Fed.Appx. 816, 819 (10th Cir. 2011) (unpublished) (quoting Issa v. Comp USA, 354 F.3d

2

1174, 1177 (10th Cir. 2003)), *cert. denied*, ___ U.S. ___ (2011).

When considering whether plaintiffs' breach of contract claim should be dismissed under Fed.R.Civ.P. 12(b)(6), the court has accepted all well-pleaded factual allegations as true and viewed them in the light most favorable to plaintiffs.  Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007).  The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The complaint must provide sufficient factual allegations to "raise a right to relief above the speculative level."  *Id.* at 555.

Considering the plaintiffs' claim under this standard, the court concludes Chartis' motion to dismiss should be granted.  Plaintiffs have failed to allege facts sufficient to support a breach of contract against Chartis. Accordingly, Chartis' motion [Doc. #30] is granted and plaintiffs' claim against it is dismissed.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE